```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

MELISSA M. FANTAUZZI,            )
                                 )
            Plaintiff,           )
                                 )
v.                               ) Case No. CIV-13-438-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Melissa M. Fantauzzi (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 25, 1972 and was 40 years old at the time of the ALJ's decision. Claimant completed her high school education and CLEET training. Claimant has worked in the past as a police dispatcher, cashier, and dancer. However, none of these jobs were performed on a full time basis such that they constituted

3

past relevant work. Claimant alleges an inability to work beginning February 23, 2012 due to limitations resulting from a lumbosacral spinal disorder, left shoulder disorder, heart problems, migraine headaches, and a facial cyst.

## Procedural History

On February 24, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Bernard Porter ("ALJ") on May 29, 2013 in McAlester, Oklahoma. The ALJ issued an unfavorable decision on June 26, 2013. On August 2, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with restrictions.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

properly evaluate Claimant's credibility; and (2) failing to include all of Claimant's limitations in the RFC assessment.

## Credibility Evaluation

In his decision, the ALJ determined Claimant suffered from the severe impairments of personality disorder, anxiety disorder with panic attacks, PTSD, history of tachycardia, reports of aphasia with distress, headaches, lumbar disc disease, and remote history of tick disease. (Tr. 17). He concluded that Claimant retained the RFC to perform light work except that she could never climb ladders or scaffolds, never crawl, could not work around unprotected heights or moving mechanical parts, and never work in environments with temperature extremes. Claimant could have only occasional interaction with co-workers or supervisors and could have no interaction with the general public. Claimant would likely be off task 5 percent of the work day and would likely miss up to one day of work due to episodic symptomology. (Tr. 19). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of silver wrapper, bench assembler, and cleaner/polisher, all of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 26). Based upon these findings, the ALJ concluded Claimant was not disabled. Id.

Claimant contends the ALJ failed to properly evaluate her credibility. The ALJ discounted Claimant's credibility based upon (1) her statement that she took metoprolol for tachycardia faithfully when the medical records indicated Claimant did not take her medication for tachycardia and the symptoms would come and go. The ALJ concluded from the record that Claimant was not compliant with her medication which caused the ALJ to question the credibility of Claimant's statement under oath that she took her medication faithfully. (Tr. 23); (2) Claimant alleged that aphasia prevented her from working but all treating or examining physician have noted no manifestation of aphasia; (3) no outward signs of physical limitation or difficulties in concentration or remembering due to severe pain or mental impairment was noted by the ALJ at the hearing. He noted Claimant testified in great detail and was quite articulate. He also recognized his observations were only entitled to some consideration on the issue of credibility; and (4) the ALJ concluded that "[t]he objective evidence indicates that, contrary to the claimant's allegations of disabling symptoms, she has exhibited relatively mild symptoms." (Tr. 23-24). He also reflected on Claimant's credibility in stating

> The claimant's statements concerning her impairments and their impact on her ability to work are not entirely credible in light of the claimant's own description of

> his (sic) activities and life style, the conservative nature and the infrequency of medical treatment required, the reports of the treating and examining practitioners, the medical history, the findings made on examination, her inconsistent and contradictory statements, and, most importantly, the claimant's demeanor at (sic) hearing and the marked discrepancies between her allegations and the information contained in the documentary reports.

(Tr. 25).

Claimant contends that this analysis was faulty and not supported by substantial evidence since she was already found disabled by the Social Security Administration from June 25, 2009 through December 31, 2010 before she returned to work. Claimant also directs the Court's attention to the report of Dr. Wojciech L. Dulowski for proof of objective support to her subjective testimony. Dr. Dulowski noted Claimant's MRI revealed an L5-S1 disc disorder with bilateral foraminal stenosis at L4-L5. He recognized Claimant walked with a slight limp to the left side but found she had good safety and stability and did not use an assistive device. (Tr. 292). Dr. Dulowski, however, also found Claimant had normal grip strength with good gross and fine manipulation. Id. He determined upon examination that Claimant's alignment of the cervical, thoracic, and lumbar spines were normal. Dr. Dulowski noted very small minimal scoliosis to the left in the lumbar spine, spasms of paravertebral muscles, range of motion was

painful on extreme, but full range of motion of the upper and lower extremity joints were normal. Claimant was found to have slight bilateral bunion on both feet. Dr. Dulowski assessed Claimant with chronic back pain secondary due to large broad based paracentral disc hernia resulting in severe left lateral stenosis and impingement upon the S1 nerves. (Tr. 293). He found Claimant had weak heel to toe walking on the left and positive straight leg raising on the left in both the sitting and supine positions. (Tr. 297).

On April 3, 2012, Claimant was examined by Dr. Duane Birky. Dr. Birky recognized Claimant complained of back pain and joint pain but found she was negative for joint swelling and muscle weakness. (Tr. 289). Dr. Birky noted no cervical spine tenderness with normal mobility and curvature. (Tr. 290). Upon examination, Dr. Birky found Claimant had no sensory loss, no motor weakness, intact balance and gait, intact coordination, normal fine motor skills, deep tendon reflexes preserved and symmetric, normal reflexes, and negative for Brudzinski's sign. (Tr. 291). Objective medical evidence supports the ALJ's findings challenging Claimant's credibility.

Claimant's argument that she had previously received Social Security benefits has no bearing upon a later determination on

8

Claimant's new RFC. Campbell v. Bowen, 822 F.2d 1518, 1522 (10th Cir. 1987). Moreover, it was not erroneous for the ALJ to, in part, rely upon his observations of Claimant's condition at the administrative hearing in assessing her credibility. Qualls v. Apfel, 206 F.3d 1368, 1373 (10th Cir. 2000).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or

sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. This Court must conclude that the ALJ made the necessary link between the medical evidence in discounting Claimant's credibility. No error is attributed to this analysis.

**RFC Determination**

Claimant asserts that ALJ should have included the additional limitations of the necessity to take unscheduled breaks during an 8 hour workday and the requirement to miss more than two days per month as a result of her conditions to his RFC findings. No objective evidence supports such additional functional limitations. Indeed, the source for this limitations is Claimant's counsel's hypothetical questioning of the vocational expert whose testimony was presented at the administrative hearing. (Tr. 81-82). The ALJ was not obligated to include any such unsupported functional restriction in his RFC assessment or his questioning of the vocational expert. Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995)("such inquiries [of the vocational expert] must include all (and only) those impairments borne out by the evidentiary record.").

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE